UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

SHARON BERGER

    Plaintiff

vs.

NCL (BAHAMAS) LTD., a Bermuda
Company d/b/a NORWEGIAN
CRUISE LINE,

    Defendant

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff, SHARON BERGER, hereby sues the Defendant and files this Complaint for Damages and says:

### THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000 exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF.** The Plaintiff, SHARON BERGER, is sui juris and is a resident of Venice, Florida.

3. **THE DEFENDANT**. The Defendant, (hereinafter referred to as NCL or Defendant or the cruise line), is a citizen of the foreign nation of Bermuda, a British Overseas Protectorate, is incorporated outside of Florida in Bermuda, but is authorized to do business and does conduct business in the State of Florida, and at all times material hereto was and is doing business in Miami Dade County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

1

4. **FEDERAL SUBJECT MATTER JURISDICTION**. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. **VENUE AND PERSONAL JURISDICTION**. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

    (a) Operated, conducted, engaged in or carried on a business venture in this state and/or county; and or

    (b) Had an office or agency in this state and/or county; and/or

    (c) Engaged in substantial activity within this state; and/or

    (d) Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

6. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

6. **DATE OF THE INCIDENT**. The incident occurred on November 27, 2017.

7. **LOCATION OF THE INCIDENT.** The incident occurred onboard the vessel NCL *Escape* a ship in navigable water while the Plaintiff was a passenger onboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the Plaintiff's

incident occurred on Deck 16 inside the Garden Cafe near the buffet station as Plaintiff was choosing her breakfast items.

8. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF THE INCIDENT.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel.

9. **DESCRIPTION OF THE INCIDENT:** NCL has a duty of care under the circumstances to provide and otherwise maintain its floors and passageways in a safe condition, especially the floors and passageways in the Garden Café. The circumstances are that NCL owns and/or manages more than fifteen (15) cruise ships, including the NCL *Escape*. NCL has a Spa-Lido-Pool deck and buffet area on each of its cruise ships. NCL knows that this deck is an extremely high traffic area. For that reason, NCL knows that it is extremely important to mop, clean, dry, and otherwise maintain the floors in a safe condition due to the significant amount of passenger and crew traffic. NCL also knows it must inspect the decks of the ship on a regular basis to prevent slippery and dangerous conditions, especially on its floors near restaurants and food stations in the Garden Café. Therefore, NCL's duty of care includes inspecting and cleaning up spills and/or the accumulation of grease on the floors in and around the food stations and restaurants of the Garden Café on a regular basis.

10. On November 27, 2017, the Plaintiff was walking around the corner to the "bacon/sausage" area of the buffet station in the Garden Café when the cruise line allowed a large area of grease/greasy film to accumulate and remain on the floor for an unreasonable period of time. The large area of grease and greasy film left by the cruise line caused the Plaintiff to slip and fall as she walked around the corner to the "bacon/sausage" area of the buffet station. The Plaintiff slipped and fell without advance knowledge of the hidden, greasy, and slippery condition on the floor in the area by the buffet station. The Plaintiff's slip caused her right foot to go out from under

3

her landing on her buttocks and right arm. The impact of the Plaintiff's slip and fall caused her to suffer serious injuries, including but not necessarily a fracture to her right wrist. The Plaintiff's injury may require surgery after she has exhausted conservative treatment.

### **COUNT I: NEGLIGENCE**

11.     The Plaintiff, SHARON BERGER, hereby adopts and re-alleges each and every allegation in paragraphs 1 through 10, above.

12.     This is an action for negligence. NCL has a reasonable duty of care under the circumstances to provide and otherwise maintain its floors and passageways in a safe condition, including the floors and passageways in the Garden Café on Deck 16 of Norwegian *Escape.* NCL knew or should have known of the dangerous, slippery, and greasy condition existing on the floor of the Garden Café on November 27, 2017 for several reasons. First, NCL operates many food and beverage facilities onboard the NCL *Escape* and its other ships. Therefore, NCL knows from experience that passengers and NCL employees carry food and/or beverages from one restaurant or food station to other areas of the ship, especially in the Garden Café. Thus, NCL knows that food and beverage spills occur frequently and result in the build-up of grease, greasy films, and/or water on its floors. Second, NCL knows that food, beverage stations, and/or the walkways around the Garden Café, including areas surrounding the buffet stations, must be regularly inspected and maintained because they are subject to spills, leaks, and/or the buildup of grease which creates dangerous conditions on the floor of the Garden Café. Third, NCL knows that the subject floor in the Garden Café is a high traffic area where food and beverage spills as well as the accumulation of grease occurs frequently. Fourth, NCL knows from prior similar incidents on this and on cruise ship floors in general that the subject flooring is especially prone to causing slip and falls when contaminated with wet, slick conditions like grease. Fifth, NCL cleans and mops the area. From

that mopping, NCL knows of the spills by NCL crew members and passengers and NCL cleans and mops with greasy, dirty water which applies a film of grease to the floor and spreads whatever grease or substance is there.

13. The Defendant either (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

14. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the nature of the dangerous condition, including that the condition existed in the Garden Café and was apparent to any NCL employee passing by; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

15. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations of this flooring/subject area. Therefore, no notice to the Defendant is required.

16. NCL breached its duty of care by failing to properly clean and dry a greasy walking surface near the buffet station in the Garden Café; by allowing the floor near the buffet area in the the Garden Café to remain in a greasy, dangerous, and/or unsafe condition for an unreasonable, extended period of time; by failing to inspect for greasy and slippery conditions on the floor inside the Garden Café, a high traffic area where liquids regularly accumulate on the floor and where passengers and staff often spill or drop food and beverages leading to the accumulation of grease; by failing to adequately warn passengers of the slippery and dangerous condition of the subject area, and/or block or cordon it off; by cleaning and mopping with dirty, greasy water which spread

grease onto the floor and made it slippery; by allowing an ongoing, repetitive, continuous, and/or recurring problem to occur or to remain on or around the subject area which would cause incidents or injuries; by failing to provide a reasonably safe flooring surface with sufficient traction in wet, greasy conditions; by failing to comply with industry standards, customs and codes on safe walkways, by failing to comply with NCL's own standards on cleaning, warning, and making safe its floors and passageways; and by failing to otherwise make safe the floor inside the Garden Café on November 27, 2017.

17. These breaches of NCL's duty of care under the circumstances proximately caused this incident and the injuries suffered by the Plaintiff. On November 27, 2017, the Plaintiff was walking around the corner to the "bacon/sausage" area of the buffet station in the Garden Café when the cruise line allowed a large area of grease/greasy film to accumulate and remain on the floor for an unreasonable period of time. The large area of grease and greasy film left by the cruise line caused the Plaintiff to slip and fall as she walked around the corner to the "bacon/sausage" area of the buffet station. The Plaintiff slipped and fell without advance knowledge of the hidden, greasy, and slippery condition on the floor in the area by the buffet station. The Plaintiff's slip caused her right foot to go out from under her landing on her buttocks and right arm. The impact of the Plaintiff's slip and fall caused her to suffer serious injuries, including but not necessarily a fracture to her right wrist. The Plaintiff's injury may require surgery after she has exhausted conservative treatment.

18. The Defendant's negligence proximately caused the aforementioned injuries and damages to the Plaintiff in the past and in the future. Those injuries and damages include but are not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; household and other related expenses in the past and in the future; lost income in the past and lost income and income earning capacity in the future. Those injuries and damages also

include but are not limited to non-economic damages including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life. The losses are either permanent or continuing. The Plaintiff has suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant for damages recoverable under the general maritime law and state law including but not limited to economic damages including medical, psychological, and other related expenses in the past and in the future; lost income in the past and lost income and earning capacity in the future; non-economic damages in the past and in the future including pain, suffering, disability, physical impairment, scarring, disfigurement, mental anguish, inconvenience, and loss of capacity for the enjoyment of life; all court costs, all interest due under the applicable law including interest from the date of the subject incident under General Maritime Law, and any and all other damages which the Court deems just or appropriate.

By: *s/ John H. Hickey*
**John H. Hickey (FBN 305081)**
hickey@hickeylawfirm.com
federalcourtfilings@hickeylawfirm.com
**Christopher B. Smith (FBN 121925)**
csmith@hickeylawfirm.com
imarino@hickeylawfirm.com
Hickey Law Firm, P.A.
1401 Brickell Avenue, Ste. 510
Miami, Florida 33131-3504
Telephone: (305) 371-8000
Facsimile: (305) 371-3542
*Attorneys for the Plaintiff*